```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MARINEMAX, INC., and NEWCOAST
FINANCIAL SERVICES, LLC,

        Plaintiffs,
v.                               Case No. 8:10-cv-1059-T-33AEP

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs MarineMax, Inc. and Newcoast Financial Services, LLC's Motion for Reconsideration filed on March 4, 2013. (Doc. # 59). Defendant National Union Fire Insurance Company of Pittsburgh, P.A. filed a response in opposition to the Motion on April 1, 2013. (Doc. # 72). Also before the Court is Plaintiffs' Request for Oral Argument, filed on April 2, 2013. (Doc. # 73).

Upon due consideration and for the reasons that follow, the Motion for Reconsideration is denied and the Request for Oral Argument is denied as moot.

**I.**     **Factual and Procedural Background**

Plaintiffs MarineMax, Inc. and its wholly-owned subsidiary, Newcoast Financial Services LLC,[1] are in the business of brokering loans to finance their customers' purchase of boats and recreational vehicles. Defendant National Union issued a Miscellaneous Professional Liability Policy, Policy No. 00-507-79-48, to MarineMax providing claims-made coverage for the policy period of May 15, 2008, to May 15, 2009 ("the Policy"). (Doc. # 47-1). Newcoast is an additional insured under the Policy. (Id. at 30).

MarineMax entered into separate agreements with Regions Bank, Bank of America, and KeyBank, pursuant to which MarineMax sold certain loan packages to the banks. (Doc. ## 47-7 at 8-15; 47-15 at 9-24; 47-21). Each of the agreements contained certain representations and warranties regarding the loan packages MarineMax sold. The agreements also included a provision requiring MarineMax to repurchase any affected loans in the event it was determined that MarineMax had breached any of the representations and warranties as to the loans.

---

[1] The parties refer to the Plaintiffs collectively as "MarineMax" (Doc. ## 59, 72). Accordingly and for consistency with its prior Orders, the Court will likewise do so herein, though the Court acknowledges that the claim that is relevant to the instant Motion, the Regions Bank claim, was asserted against Newcoast only.

In July of 2008, Regions Bank made a demand for MarineMax to repurchase two loan packages MarineMax had sold to it. (Doc. # 47-2). MarineMax provided timely notice of Regions Bank's claim to National Union. In accordance with the agreement between MarineMax and Regions Bank, the dispute was submitted to arbitration in February of 2009. Regions Bank's Statement of Claim filed in the arbitration proceeding alleged two counts for breach of contract. (Doc. # 47-7 at 2-7). Based on the Statement of Claim, National Union denied coverage. The Statement of Claim was amended several times; however, each amendment only included breach of contract claims. (Doc. ## 47-8 at 2-8; 47-9 at 2-14). MarineMax and Regions Bank ultimately settled the arbitration action for $675,000.00.

MarineMax initiated this action against National Union on May 3, 2010, alleging breach of the Policy as a result of National Union's denial of coverage for the Regions Bank claim, as well as similar claims asserted against MarineMax by KeyBank and Bank of America. (Doc. # 1). The parties filed cross-motions for summary judgment on October 26, 2012. (Doc. ## 46, 48). On February 4, 2013, the Court entered an Order finding that the Policy afforded coverage for the KeyBank claim, and, thus, granting summary judgment in favor of MarineMax on that claim, but finding no coverage under the

Policy for the Bank of America and Regions Bank claims, and, therefore, granting summary judgment in favor of National Union on those claims. (Doc. # 54).

The Clerk entered Judgment on February 5, 2013, which included the Court's rulings on the Regions Bank and Key Bank claims but inadvertently omitted the Bank of America claim. (Doc. # 55). Accordingly, upon National Union's unopposed motion, a Corrected Judgment was entered on March 6, 2013. (Doc. # 61).

On March 4, 2013, MarineMax filed the instant Motion for Reconsideration, requesting reconsideration pursuant to Rule 59(e), Fed. R. Civ. P., of the Court's February 4, 2013, Order, only with respect to the Regions Bank claim. (Doc. # 59). On March 6, 2013, MarineMax filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit from the Court's February 4, 2013, Order and the Corrected Judgment. (Doc. # 62).

## II. Legal Standard

Under the Federal Rules of Civil Procedure, the Court has considerable discretion in deciding whether to grant a motion for reconsideration. Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005). Arguments in favor of granting reconsideration

must be balanced against the desire to achieve finality in litigation. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Thus, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." A motion for reconsideration should not, however, be used to "relitigate old matters." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. However, as explained in Ludwig, "This Court will not reconsider its

judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." 2005 WL 1053691, at *3. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *4 (citation omitted).

### III. **Motion for Reconsideration**

In its February 4, 2013, Order, the Court ruled that the Policy's contractual liability exclusion applied to preclude coverage for the Regions Bank claim. (Doc. # 54 at 22-26). The exclusion provides as follows:

> III. EXCLUSIONS - CLAIMS NOT COVERED
>
> **We** shall not cover **claims**:
>
>       \* \* \*
>
> K.   arising out of liability **you** assume under any contract or agreement, including but not limited to, any contract price, cost guarantee or cost estimate being exceeded; however, this exclusion does not apply to liability **you** would have in the absence of such contract or agreement.

(Doc. # 47-1 at 9)(emphasis in original).

After analyzing the parties' arguments, the relevant case law, and the facts and evidence in the case, the Court determined that the Regions Bank claim arose out of liability

-6-

that MarineMax assumed in its contract with Regions Bank, such that the Policy's contractual liability exclusion applied. (Doc. # 54 at 24). The Court next considered MarineMax's argument that the exception to the exclusion, for "liability [MarineMax] would have in the absence of such contract or agreement," should apply. The Court ultimately determined that the exception applied to the KeyBank claim because it included a negligence claim in addition to the breach of contract claim, but did not apply to the Regions Bank claim, which was limited to breach of contract causes of action. Id. at 25-26.

In the Motion for Reconsideration, MarineMax takes issue with the Court's determination that the exception does not apply to the Regions Bank claim and moves the Court to "reverse its summary judgment ruling solely with respect to its determination that coverage for the Regions Bank claim does not come within the exception to the Policy's contractual liability exclusion." (Doc. # 59 at 1). However, MarineMax does not present any new evidence that was previously unavailable to the Court, nor argue that there has been an intervening change in controlling law since the issuance of the Court's Order. Rather, MarineMax contends that "clear error and manifest injustice compel reversal of this Court's

determination that the Policy's contractual liability exclusion bars coverage for the Regions Bank claim." Id. at 2.

However, a review of MarineMax's arguments reveals that the present Motion is merely an attempt to relitigate issues already presented to and decided by the Court. In its present Motion, as in its summary judgment motion, MarineMax again argues that it would have faced tort liability for the Regions Bank claim even in absence of its contract with Regions Bank, despite the fact that the Statement of Claims in the arbitration proceeding did not contain any tort claims against MarineMax. However, the Court has previously considered MarineMax's arguments as well as the relevant law on this issue in making its summary judgment determination that, based on the allegations in the underlying complaint,[2] MarineMax's potential liability for the Regions Bank claim was based only on breach of contract, such that the exception to the exclusion is not triggered.

---

[2] "Florida courts have adopted a strict rule that an insurer's duty to defend an action against its insured is determined solely by the allegations in the complaint." Auto Owners Ins. Co. v. Travelers Cas. & Sur. Co., 227 F. Supp. 2d 1248, 1258 (M.D. Fla. 2002)(citing State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1077 n.3 (Fla. 1998)). Additionally, "there is no duty to indemnify if there is no duty to defend." Allstate Ins. Co. v. Safer, 317 F. Supp. 2d 1345, 1358 (M.D. Fla. 2004).

-8-

MarineMax has failed to meet its burden of demonstrating via facts or law of a strongly convincing nature that reconsideration is required. This Court declines MarineMax's invitation to reopen matters that have already been disposed of with great deliberation. This Court gave thoughtful consideration to the parties' submission at the summary judgment stage and ultimately ruled in favor of National Union on the Regions Bank claim. MarineMax has failed to demonstrate why the outcome should be different. The instant Motion for Reconsideration rehashes matters that have already been decided. Rather than providing a new perspective on the issues, MarineMax, instead, reasserts its prior arguments, which this Court has thoroughly analyzed and addressed. Thus, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs MarineMax, Inc. and Newcoast Financial Services, LLC's Motion for Reconsideration (Doc. # 59) is **DENIED.**

(2) Plaintiffs' Request for Oral Argument (Doc. # 73) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in chambers in Tampa, Florida, this 11th day of June, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record